1
2
3
4
5
6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **JEFFREY ROY CROSBY,** | Case No. ED CV 15-01263 VBF (FFM) |
| **Petitioner,** | **ORDER** |
| v. | Overruling Petitioner's Objections;<br>Adopting the Amended Report & Recommendation; |
| RICHARD IVES, Warden, | **Dismissing Habeas Petition Without Prejudice;** |
| Respondent. | Directing Entry of Separate Judgment;<br>**Terminating and Closing the Case (JS-6)** |

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. section 2241 ("petition") (CM/ECF Document ("Doc") 1), the respondent warden's answer and accompanying memorandum (Doc 6), petitioner's traverse (Doc 12), the original Report and Recommendation ("R&R") issued by the United States Magistrate Judge pursuant to Fed. R. Civ. P. 72(b)(1) and 28 U.S.C. § 636(b)(1)(B) on February 12, 2016 (Doc 14), petitioner's timely[1] objections to the original R&R (Doc 16), the

---

[1] Both Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. section 636(b)(1) provide that a party may file written objections to an R&R within fourteen days after being served with the R&R. Our Local Civil Rule 72-3.3, however, provides that "[i]f a party is in custody at the time of the filing of the Magistrate Judge's Report, the time for filing objections under F.R. Civ. P. 72(b) shall be shall be twenty (20) days or such further time as the Magistrate Judge may order."

"Consistent with the Federal Rule governing Magistrate Judges and the Federal Magistrates Act, the Court construes that to mean twenty calendar days after the incarcerated party is *served with* the R&R, not

Amended Report and Recommendation issued on May 23, 2016 (Doc 17), petitioner's timely objections to the Amended R&R (Doc 20), and the applicable law.

"Federal Rule of Civil Procedure 72(b)(2) gave respondent a right to respond to the objections, but the time to do so has elapsed and respondent has filed neither a response nor a request for an extension of time. Accordingly, the Court proceeds to the merits without waiting further." *Ruelas v. Muniz*, No. SA CV 14-01761, 2016 WL 540769, *1 (C.D. Cal. Feb. 9, 2016) (Fairbank, J.). "As required by Fed. R. Civ. P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner has specifically objected and finds no defect of law, fact, or logic in the . . . R&R." *Rael v. Foulk*, No. LA CV 14-02987 Doc. 47, 2015 WL 4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.), *COA denied*, No. LA CV 14-02987 Doc. 53, Appeal No. 15-56205 (9th Cir. Feb. 18, 2016). Accordingly, the Court will accept and implement the Magistrate Judge's findings and recommendations.

## ORDER

Petitioner's objections to the Amended Report and Recommendation are **OVERRULED**.

The Amended Report and Recommendation is **ADOPTED**.

The petition for a writ of habeas corpus is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

Petitioner does not need to obtain a certificate of appealability from this Court or from the United States Court of Appeals for the Ninth Circuit in order to appeal today's Order.[2]

---

merely twenty days after the R&R is filed on the docket." *Crump v. CSP-Los Angeles County's Maintenance-Plant Operations Dep't*, 2016 WL 1610593, *1 n.1 (C.D. Cal. Apr. 21, 2016) (Fairbank, J.).

[2] *See Encarnacion-Montero v. Sanders*, 2015 WL 3823891, *4 (C.D. Cal. June 18, 2015) (Fairbank, J.) ("Because petitioner sought habeas corpus relief pursuant to 28 U.S.C. section 2241" rather than section 2255, "he does *not* need to obtain a certificate of appealability in order to appeal to the United States Court of Appeals for the Ninth Circuit.") (citing *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012)), *appeal dismissed*, No. 15-56071 (9th Cir. Aug. 13, 2015). *Accord Annamalai v. Laird*, 2016 WL 3213340, *4 (S.D. Ill. June 6, 2016) ("It is not necessary for petitioner to obtain a certificate of appealability from this

Judgment will be entered consistent with this order. "As required by Fed. R. Civ. P. 58(a), the Court will enter judgment by separate document." *Toy v. Soto*, 2015 WL 2168744, *1 (C.D. Cal. May 5, 2015) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)) (footnote 1 omitted), *appeal filed*, No. 15-55866 (9th Cir. June 5, 2015).[3]

This action is **DISMISSED without prejudice**.

The case **SHALL BE TERMINATED** and closed **(JS-6).**

Dated: Friday, June 17, 2016

*[signature: Valerie Baker Fairbank]*

VALERIE BAKER FAIRBANK
Senior United States District Judge

---

disposition of his Section 2241 petition.") (citing *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000)).

[3] *Accord Buck v. American Quarter Horse Ass'n*, 602 F. App'x 709, 710 n.1 (10th Cir. 2015) ("[W]e note that the district court did not prepare a separate document entering judgment in accordance with Fed. R. Civ. P. 58(a).").

"'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (Fairbank, J.) (quoting *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citation omitted)).

"'A combined document denominated an Order and Judgment, containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.'" *Fisher v. Ventura Cty. Sheriffs Narcotics Agency*, 2014 WL 2772705, *7 n.9 (C.D. Cal. June 18, 2014) (quoting *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008)) (internal quote marks omitted).